IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOHN A. REEVES, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) |
| FIRST BANK, et al., | ) No. 4:25-cv-01241-JMD ) |
| *Defendants*. | ) ) ) ) |

**MEMORANDUM AND ORDER**

John Reeves sues First Bank and Millsap & Singer, P.C., for "induc[ing] [him] into an unlawful mortgage contract" and for "attempt[ing] to use state foreclosure laws to seize the property without lawful standing." But the only basis for jurisdiction that Reeves asserts is federal question jurisdiction, and the complaint facially fails to establish that jurisdiction. Because this Court agrees that it lacks subject matter jurisdiction, the motion to dismiss is **GRANTED**, and Reeves' motions are **DENIED**. The Court thus **DISMISSES** this case for lack of subject matter jurisdiction.

**Standard of Review**

In a facial attack on subject matter jurisdiction, the Court "merely needs to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015) (cleaned up). In doing so, the Court "restricts itself to the face of the pleadings" and accepts as true all the pleading's allegations of facts and construes all reasonable inferences in the complainant's favor. *Id.*;

1

*see also Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990); *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016).

Because Reeves sues *pro se*, this court liberally construes his complaint. *Rollins v. Hous. Auth. of Kansas City*, 08-cv-00506-W-DGK, 2009 WL 10671774, at *2 (W.D. Mo. Mar. 2, 2009). "Though *pro se* complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citation omitted). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Id*. at 915. Giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

According to his complaint, Reeves "allegedly" executed a promissory note and deed of trust in favor of First Bank around September 5, 2013.[1] But he attaches both the original loan agreement and deed of trust showing that in fact Gene E. Reeves executed the loan on that date and other evidence showing that the deed was later transferred to him in 2016. On April 22, 2025, Reeves mailed a "'Validation of Debt / Proof of Claim Request,' 'Error Resolution & Information Request' (ERIR), and 'Qualified Written Request' (QWR)" to First Bank. The document demanded, among other things, to "visually inspect <u>our ORIGINAL,</u>

---

[1] Reeves later admits that it was actually Gene Reeves, his father, who transferred title of the property to Reeves shortly before his death in 2016 via quit claim deed. ECF 12 at 2. Reeves admits that a Mortgage Loan Assumption exists, signed in 2018. *Id*. He similarly admits the existence of a Loan Modification Agreement. *Id*.

wet-ink-signature Tangible Promissory Note" as well as "a copy of <u>all</u> <u>documents, including</u> <u>all Note-Allonges</u>, in your possession pertaining to the aforementioned loan." He alleges that "[d]efendants . . . failed to respond meaningfully" to this demand.

Reeves brings twelve claims against First Bank and its "legal agent," Millsap & Singer, P.C., including claims under the Racketeer Influenced and Corrupt Organizations Act, the Fair Debt Collection Practices Act, and various constitutional provisions. He seeks a dizzying array of relief: clear title to the home, an injunction barring further foreclosure, treble damages, permanent injunctive relief, declaratory judgment and disgorgement, referral for criminal investigation, production of records, costs of action, full accounting and constructive trust, FDCPA statutory damages, actual damages, and emergency injunctive relief.

First Bank and Millsap & Singer, P.C., jointly moved to dismiss, asserting that this Court lacks subject matter jurisdiction and that Reeves failed to state a claim upon which relief can be granted. While the motion was pending, the property was sold at a foreclosure auction. Reeves now also seeks federal redress to avoid eviction from the property, moving for a temporary restraining order and for an immediate ruling on his motion for a temporary restraining order.

## Analysis

Reeves has failed to meet his "burden of proving federal jurisdiction." *Great Rivers Habitat All. v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is well-established that a federal district court has the inherent power to dismiss a complaint for lack of subject matter

3

jurisdiction when the allegations of the complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Little v. United States Dep't of Def.*, 4:21-cv-01309-JAR, 2022 WL 1302759, at *6 (E.D. Mo. May 2, 2022) (internal quotation marks omitted).

Reeves asserts that federal question jurisdiction exists over this foreclosure action under "28 U.S.C. § 1331; 18 U.S.C. §§ 1961-C1968 (RICO); 12 U.S.C. § 632; 28 U.S.C. § 1367, Public Law 89-485 (1966); 12 U.S.C. § 461(b); 12 U.S.C. § 2605; 12 C.F.R. § 5.34; 12 U.S.C. §§ 1843(c)(8), 1861-C1867; 12 C.F.R. § 5.34(e)(5)(v); UCC § 3-407; 12 C.F.R. § 1805." Elsewhere in his complaint, he says that "this action arises under the laws of the United States, including but not limited to 12 U.S.C. §§ 24, 25b, 371, 632, 1811 et seq.; 12 C.F.R. §§ 28, 34, 206; and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq." among the litany of other statutes sprinkled throughout his complaint. He asserts that his mortgage loan qualifies as an "international loan" under "12 C.F.R § 28.11(d) and 12 U.S.C. § 632," entitling him access to this Court, and that jurisdiction must exist because defendants are "federally regulated, interstate banking operations."

Despite the abundance of legalese, cited statutes, and cited constitutional provisions, the complaint is light on facts. But "[i]n evaluating whether any complaint states a claim for relief, federal courts must look to the *facts alleged*, not the legal theories, and determine whether the complaint alleges sufficient facts . . . to state a claim under any legal theory." *McKelvey v. Rice*, No. 4:25-CV-0672-NCC, 2025 WL 2899020, at *2 (E.D. Mo. Oct. 10, 2025) (internal quotations and citations omitted) (emphasis added).

The facts, as asserted by Reeves, do not give rise to a federal question, no matter how many federal statutes he cites. Reeves provides little facts to describe how, exactly,

4

defendants allegedly legally wronged him. He does not deny that Gene Reeves signed the loan agreement, and he does not dispute that both a Mortgage Loan Assumption and Loan Modification Agreement exist in his name. Rather, he challenges their enforceability under several frivolous theories, including a "wet ink note" theory that courts have repeatedly and exhaustedly rejected. *See, e.g., Wagner v. U.S. Bancorp*, No. 24-CV-1302 (SRN/DTS), 2024 WL 4421174, at *2 (D. Minn. Oct. 4, 2024) (collecting cases); *Moore v. Ocwen Loan Servicing, LLC*, No. 4:17CV306 HEA, 2017 WL 3279014, *2 (E.D. Mo. Aug. 2, 2017) (collecting even more cases and explaining that "[t]his theory has been consistently rejected by the United States District Courts in Missouri").

Reeves alleges that "no lawful consideration was provided" for the agreement because the promissory note was used as collateral to fund the transaction. He further contends that defendants failed to provide mandatory disclosures as well as a meaningful response to his Qualified Written Request. Reeves makes no attempt to explain how any of these assertions raises a federal question. Conclusory allegations along with recitations of elements of various claims does not satisfy a plaintiff's burden to establish federal question jurisdiction. A plaintiff must provide *facts*, that if true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will do. *Id*. The facts provided by Reeves do not amount to a legal violation, much less a federal question.

Although Reeves does not openly state that he ascribes to "sovereign citizen" ideology, his arguments resemble the "legal-sounding but ultimately baseless arguments" courts typically see "when sovereign citizens litigate." *Riding v. Morgan Stanley & Co. LLC*, No. 4:25-CV-00648-DGK, 2025 WL 3543006, at *4 (W.D. Mo. Dec. 10, 2025); *see also In re Wallace,*

5

No. BR 24-00315, 2024 WL 3648551, at *4 (Bankr. N.D. Iowa Aug. 2, 2024) (noting that although parties denied that they were sovereign citizens, their "nonsensical pseudolaw" arguments were "identical to those that are routinely made by sovereign citizens that have been repeatedly rejected by every court addressing them" (cleaned up)).

Litigants filing under discredited sovereign-citizen theories share several characteristics.  Indeed, "[t]he Federal Bureau of Investigations has identified a number of practices that are characteristic of sovereign citizen activity."  *Riding*, 2025 WL 3543006, at *3 (listing practices).  Reeves' complaint is replete with signs of this theory.  He notarizes documents when not required to do so, including his federal complaint and the demand letter he sent to the bank.  He uses registered mail, encloses his zip code in brackets, and adds "without recourse" to documents.  He refers to himself as a "private state citizen" and a "living man."  All this activity is common to assertions of frivolous sovereign-citizen theories.  *Id.* (citing *Thompson v. Leach*, No. 3:23-cv-5696-CMC, 2024 WL 243424, at *1 (D.S.C. Jan. 23, 2024), and *Courvelle v. McCormick*, No. 6:24-cv-06088, 2025 WL 72163, at *1 n.1 (W.D. Ark. Jan. 10, 2025)).

The Court therefore "need not address these arguments directly" and in detail "because . . . it is well-established in the Eighth Circuit that arguments based on sovereign citizen ideology are inherently frivolous, and should be summarily dismissed as a waste of judicial resources."  *Riding*, 2025 WL 3543006, at *2 (cleaned up).  "A court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint."  *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).  "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate."  *Id.*  Here, Reeves does not raise a federal question at all, much

less a frivolous claim. This Court declines to spend any more resources on a patently frivolous complaint.

This case is **DISMISSED** for lack of subject-matter jurisdiction because none of the facts asserted by Reeves raises a federal question and because the complaint is patently frivolous. Even if Reeves had asserted a nonfrivolous claim based in a federal question, the Court would dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) for the reasons stated in the motion to dismiss and supporting briefing.

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss [ECF 10] is **GRANTED**. **IT IS FURTHER ORDERED** that Reeves' motions for a temporary restraining order [ECF 18], for immediate ruling [ECF 20], and to stay execution [ECF 22] are **DENIED** as moot.

Dated this 29th day of December, 2025

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE